IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRAIDA LIMA-RIVERA, et al.,
    **Plaintiffs**

    v.                                                         **CIVIL NO. 04-1798 (DRD)**

**UHS OF PUERTO RICO, INC. A/K/A
HOSPITAL SAN PABLO DEL ESTE, et al.,**
    **Defendants**

## ORDER

    Pending before the Court is *co-defendants* Hospital Interamericano de Medicina Avanzada ("HIMA") *Motion for Reconsideration* (Docket No.54 ). Co-defendants move the Court to reconsider its Opinion and Order (Docket No.52 ) denying defendant's *Motion to Dismiss* (Docket No. 22).

    Plaintiffs filed a complaint against defendants, HIMA (Docket No.1), pursuant to 42 U.S.C. §1395dd, for violation to the Emergency Medical Treatment and Active Labor Act (EMTALA). Plaintiffs' claims are based on allegations that its new born baby boy was born in a medical facility other than HIMA's, and was then transferred to the co-defendant's medical facilities for further treatment hence EMTALA imposes responsibility on said institution relating to the treatment provided to the patient. Further, plaintiffs' complaint states that HIMA incurred in gross negligence while affording and managing medical attention to the patient Iraida Lima-Rivera and her newborn baby. Finally, plaintiffs aver supplementary jurisdiction for claims pursued under articles 1802 and 1803 of the Puerto Rico Civil Code relating to the emotional distress suffered by plaintiffs.

    The Court had issued previously an Opinion and Order (Docket No.52) denying co-defendant's HIMA's motion to dismiss under Rule 12 (b)(1), Fed.R.Civ.P., 28 U.S.C. HIMA's request for reconsideration sustains that EMTALA may only be applicable to patients admitted through a hospital's emergency department. Further, HIMA states for the first time that, that neither the plaintiff or her baby were admitted in its facilities through its emergency department. Instead, HIMA alleges that they were transferred and admitted in the Neonatal Intensive Care Unit which allegedly is not part of HIMA's emergency department. Therefore, HIMA avers that it was not required to perform the appropriate screening on the incoming patients as required by EMTALA since said screening duties are imposed upon the transferring hospital and not the transferee hospital[1].

    HIMA moves the Court to revisit its decision and to reconsider its findings denying co-defendant's Motion to Dismiss. Finally HIMA sustains that the Court failed to distinguished EMTALA's federal screening duties allowing a means of attainment the implementation of state law against said co-defendants.

---

[1] Defendant's based their allegations on, Savannah Alsay & Charles Albert Franklin v. East Jefferson General Hospital 1988 U.S. Dist. Lexis 14909.

## *I. Standard for Reconsideration*

Motions for reconsideration are generally considered either under Rule 59 or Rule 60, Fed.R.Civ.P., depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n. 4 (D.P.R., 1999).

These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir., 1992)); Cherena v. Coors Brewing Com., 20 F. Supp. 2d 282, 286 (D.P.R., 1998); see also National Metal Finishing Com. v. Barclaysamerican /Commercial, Inc., 899 F.2d 119, 124 (1st Cir., 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Id at 123. See also, Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa., 1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.). The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir.,1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e., rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundation v. Karg Bros.Inc. , 841 F.Supp. 51, 55 (N.D.N.Y., 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va., 1983) (motion for reconsideration of order denying motion to dismiss).

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions . . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Penn. 1998).

Thus, in the interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S.), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D.Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F. Supp. 829, 830 (M.D.Pa., 1992).

## *II. Analysis*

A motion for reconsideration of an order to grant or [deny] a Motion to Dismiss is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure"**.** Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d 258, 259 (D. P. R., 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp 2d 63, 65 (D. P. R., 2002) "These motions should be granted to correct "**manifest errors of law" or to present newly discovered evidence.**"(*Emphasis added*); Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.,1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123. Rule 59(e) motions cannot be used "**to raise arguments which could have been raised prior to the issuance of the judgment**." Pacific Insurance Company. v. Am. Nat'l. Fire Ins. Co.,148 F.3d 396, 403 (4th Cir. 1998) *Emphasis added.* "**Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected**"." Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp. 2d at 259 ; Nat'l Metal Finishing Co.Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp. 2d 48, 49 (D. P.R., 2002). *Emphasis added.*

HIMA sustains that the court erred when the opinion and order was issued, hence the court should reconsider its findings. The court notes that HIMA's motion for reconsideration presents new allegations based in the unpublished opinion Savannah Alsay & Charles Albert Franklin v. East Jefferson Hospital, 1998 WL 661479, September 21, 1998. These allegations were not brought forth for the court's consideration under HIMA's motion to dismiss. HIMA moves this court to reconsider its ruling based on Savannah Alsay standing for the proposition that transferee hospitals are not liable under EMTALA if the patient transferred its not admitted through to the medical institution's emergency room. However, as stated previously, HIMA's grounds are not based in a published opinion, and it is the law in this circuit, that unpublished opinions are not binding precedent on this court hence the Court shall provided the persuasive value it deserves.[2] However if the Savannah

---

[2] First Circuit Rules Civil Procedure: Rule 32.3 Citation of Unpublished opinions, an unpublished opinion of this court may be cited in this court only in the fallowing circumstances:
1.When the earlier opinion is relevant to establish a fact about the case. An unpublished opinion me be cited to establish a fact about the case before the court "for example, its procedural history" or when the binding or preclusive effect of the opinion, rather than its quality 56 as precedent, is relevant to support a claim res judicata, collateral estoppel, law of the case, double jeopardy, abuse of the writ, or other similar doctrines.
2. Other circumstances Citation of an unpublished opinion of this court is *disfavored*. Such an opinion may be cited only if (1) the party believes that the opinion persuasively addresses a material issue in the appeal and (2) there is no published opinion from this court that had adequately addresses the issue. The court will consider such opinions for there persuasive value but not as binding precedent.

Alsay's opinion was mandatory, HIMA's theory should have been stated in its motion to dismiss.  It is a well known rule that a Motion for Reconsideration should not be used to present the court with new evidence or theories which could have been presented before. Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,*supra* ,  F.D.I.C. Ins. Co. v. World University, Inc., *supra*; Cherena v. Coors Brewing Com., *supra*; *see also*  National Metal Finishing Com. v. Barclaysamerican /Commercial, Inc.,*supra*. Moreover, it is also well known that under a motion to dismiss standard, all doubts shall be resolved in favor of the non moving party  Aulson v. Blanchard, 83 F.3d 1, 3(1st Cir. 1991); *see also* Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F. supp 2d 61(D. Puerto Rico 1999).  In the case at bar, plaintiffs state that when the transfer occurred she and her baby were taken to HIMA's **emergency department** hence EMTALA's screening standard does apply. Taking all allegations in favor of the non moving party as we must at the motion to dismiss stage, plaintiff may obtain redress for the claims as alleged.

HIMA has provided this court with **facts not alleged in the complaint** hence the court is precluded to examine its propriety under the motion to dismiss standard since the facts of the complaint are presumed to be correct.  Aulson v. Blanchard, 83 F.3d at 3.  The court deems that HIMA's arguments are better suited for review under the Summary Judgment standard of review. Should HIMA insist, that the facts of the complaint are not correct, HIMA still has available the Summary Judgment standard wherein it may show that the patient entered other than through the defendant's  Emergency Department Hospital facilities.

As previously stated, a motion for reconsideration is not a tool for a party to request the Court to rethink its decision. Williams v. City of Pittsburgh, 32 F.Supp.2d at 238. Since Co-defendant has "brought up nothing new-except his displeasure-this  Court has no proper basis upon which to alter or amend the order previously entered." Id., *see also,*  Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va., 1977); Erickson Tool Co. v. Balas Collet Co., 277 F.Supp. 226, 233 (N.D.Ohio, 1967), aff'd. 404 F.2d 35 (6th Cir., 1968); Blair v. Delta Airlines, Inc., 344 F.Supp. 367 (S.D.Fla., 1972), aff'd. 477 F.2d 564 (5th Cir., 1973). See also: Chastain v. Kelley, 510 F.2d 1232, 1233, 1238, f.n.7 (D.C.Cir., 1975); Parks v. "Mr. Ford", 68 F.R.D. 305, 310 (E.D.Pa., 1975); Spatz v. Nascone, 368 F.Supp. 352 (W.D.Pa., 1973); Cf. Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County, 545 F.2d 758, 760 (1st Cir., 1976).

Therefore, for the reasons stated herein, the Court hereby **DENIES** HIMA's *Motion for Reconsideration* (Docket No. 52).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 30th day of August 2005.

                 S/DANIEL R. DOMINGUEZ
                 DANIEL R. DOMINGUEZ
                 U.S. DISTRICT JUDGE.